UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY "A.P." PARISH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-00622-JPH-CSW |
| | ) |
| WILLIAM HYATTE Warden, | ) |
| TODD ROKITA Attorney General, | ) |
| FRANCIS C. GULL The Honorable, Judge, | ) |
| | ) |
| Respondents. | ) |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Anthony Parish has filed a motion for relief from judgment, seeking to set aside the final judgment previously entered against him in this action under 28 U.S.C. § 2254. For the reasons below, that motion, dkt. [9], is **DENIED**.

**I. Background**

On March 15, 2021, Mr. Parish filed a pro se petition for writ of habeas corpus under § 2254. Dkt. 1. The petition did not specify the underlying cause number for Mr. Parish's state-court conviction but did refer to the cause number in a post-conviction relief action, 02D05-1401-PC-18. *Id.* at 1. From this information, the Court ordered Respondents to appear and respond to the petition as one challenging Mr. Parish's 2009 convictions for murder and other offenses in cause number 02D04-0901-MR-000003. Dkt. 3.

Respondents thereafter filed a motion to dismiss this action as untimely under 28 U.S.C. § 2244(d). Dkt. 5. In it, Respondents noted that Mr. Parish's direct appeal from his convictions was resolved on January 14, 2011, when the

1

Indiana Supreme Court denied transfer following the Indiana Court of Appeals' affirmance. *Id.* at 6; dkt. 5-2. Also, Respondents noted that Mr. Parish did not file his post-conviction relief petition in cause number 02D05-1401-PC-18 until January 14, 2014, or more than one year after his direct appeal proceedings were deemed final and when he did not file a petition for certiorari with the United States Supreme Court within 90 days of the denial of transfer. *Id.*

On January 4, 2022, after Mr. Parish failed to respond to the motion to dismiss and after it had been pending for over five months, the Court granted the motion. Dkt. 7. The Court denied a certificate of appealability and entered final judgment. *Id.*; dkt. 8. Mr. Parish did not attempt to appeal this order.

On March 7, 2022, Mr. Parish filed another habeas corpus action under § 2254 in the Northern District of Indiana.[1] On October 5, 2022, Chief Judge DeGuilio dismissed Mr. Parish's petition as an unauthorized successive petition and an improper attempt to challenge this Court's dismissal order. *Parish v. Warden*, No. 3:22-CV-182-JD-MGG, 2022 WL 16840392, at *1 (N.D. Ind. Oct. 5, 2022).

On June 27, 2024, Mr. Parish by counsel filed a motion for relief from judgment in this case. Dkt. 9. In it, Mr. Parish notes that in fact, he first filed a

---

[1] Under 28 U.S.C. § 2241(d), proper venue for Mr. Parish's habeas corpus actions, challenging state court convictions from Allen County, lay in the Northern District of Indiana. In their motion to dismiss before this Court, Respondents acknowledged improper venue but did not move to dismiss on that basis. Dkt. 5 at 1, n.1. Proper venue under § 2254 is waivable, unlike subject matter jurisdiction, which is not waivable. *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004).

2

petition for post-conviction relief in state court on October 31, 2011, under cause number 02D05-1110-PC-160, which the Respondents failed to identify in their motion to dismiss. This action remained pending until February 6, 2014, when the state court granted Mr. Parish's motion to withdraw the petition.[2] By that date, Mr. Parish had filed cause number 02D05-1401-PC-18. Respondents state that they inadvertently failed to discover this first post-conviction filing when they moved to dismiss Mr. Parish's habeas corpus petition as untimely. Dkt. 10. Further, Respondents concede that "when the correct statute-of-limitation calculation is done including the time Parish's initial post-conviction petition was pending, his first habeas petition filed in this Court was done within the limitations period and therefore timely filed." *Id.* at 2.

In other words, it is now acknowledged by all parties that the first post-conviction relief filing tolled the § 2244(d) statute of limitations, beginning October 31, 2011; that the tolling continued until the final resolution of the second post-conviction relief petition on November 19, 2020; and that this action was filed within the one-year time limit of § 2244(d) when this tolling is taken into account. In a reply in support of his motion for relief, Mr. Parish has submitted a sworn affidavit, stating that he was unaware that Respondents had miscalculated the § 2254 filing deadline until November 2023, when he was so informed by his current attorney. Dkt. 14-1.

---

[2] Mr. Parish later moved to amend this petition on March 22, 2018. There are no subsequent entries on the state court docket indicating the status of this motion.

## II. Discussion

Respondents assert that despite the acknowledged error in the calculation of the filing deadline in their motion to dismiss, Mr. Parish is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b).[3] Under that Rule, a Court may grant relief from judgment for any of the six listed reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable [and] [e]ven then, 'extraordinary circumstances' must justify reopening.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022). Additionally, "Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable time.' But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year. Motions under Rule 60(b)(6) are not subject to this additional 1-year constraint." *Id.* (citing Fed. R. Civ. P. 60(c)(1)).

The Supreme Court's decision in *Kemp* is directly applicable here. In that case, Kemp filed a motion to vacate sentence under 28 U.S.C. § 2255. The district court dismissed it as untimely. Kemp did not appeal or otherwise challenge that ruling for two years, when he filed a motion for relief from judgment, invoking

---

[3] Although Mr. Parish also invoked Rule 59(e) in his original motion to set aside, Rule 60(b) governs this matter because his motion was filed more than twenty-eight days after final judgment was entered. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").

4

Rule 60(b)(6)'s "catch-all" provision. The motion was denied and the Eleventh Circuit affirmed, though noting the district court's original ruling that the § 2255 motion was untimely was incorrect.

The Supreme Court affirmed the Eleventh Circuit. In so doing, it first noted that although Kemp had invoked 60(b)(6), the "motion arguably sought reopening based on a kind of 'mistake' covered by Rule 60(b)(1)" and the Court reviewed the matter accordingly. *Id.* at 532. It held that the term "mistake" included judicial errors of any kind, whether or not "obvious." *Id.* at 534-35. As such, and "[b]ecause Kemp's Rule 60(b) motion alleged such a legal error, we affirm the Eleventh Circuit's judgment that the motion was cognizable under Rule 60(b)(1), subject to a 1-year limitations period, and, therefore, untimely." *Id.* at 539.

Here, Mr. Parish invokes subdivisions (1), (3), and (6) of Rule 60(b). But, the Court concludes that *Kemp* requires that Mr. Parish's motion be analyzed under either subdivision (1), "mistake", or (3), "misrepresentation." That is to say, the dismissal of this action was based on either a mistake of fact by Respondents and/or the Court, or a "misrepresentation" by Respondents. It is not apparent to the Court why an attorney's incorrect argument as to a filing deadline and acceptance of that argument by a Court should differ from a judge's miscalculation on the same issue. Because the error here clearly is cognizable under either subdivision (1) or (3), it would be improper to analyze this issue under Rule 60(b)(6). *Id.* at 533 ("This last option [Rule 60(b)(60] is available only when Rules 60(b)(1) through (b)(5) are inapplicable."). That being the case, the

5

one-year time limit for motions under Rule 60(b)(1) or 60(b)(3) applies to Mr. Parish's motion. The *Kemp* opinion does not give any indication that that one-year time limit can be extended for any reason, and the Seventh Circuit has held that Rule 60(c)'s deadline is "a mandatory claims-processing rule" that "if properly invoked, must be enforced." *In re Cook Med., Inc.*, 27 F.4th 539, 543 (7th Cir. 2022).

Nonetheless, even if the deadline could be extended, the Court would not find grounds for extending it. Mr. Parish's sworn statement alleges that he lacked any knowledge that Respondents had miscalculated the filing deadline until, at the earliest, November 2023. But on March 25, 2022, Chief Judge DeGuilio initially dismissed Mr. Parish's habeas corpus petition as untimely. No. 3:22-CV-182-JD-MGG, dkt. 2 (N.D. Ind. Mar. 25, 2022). In that order, Chief Judge DeGuilio acknowledged the existence of the first post-conviction relief filing in cause number 02D05-1110-PC-160, which would have initially tolled the habeas filing deadline; but that even so, "the federal limitations period expired . . . on May 3, 2021." *Id.*

Mr. Parish was proceeding *pro se* in that matter and there is no indication that he did not receive this order. To the contrary, he successfully petitioned Chief Judge DeGuilio to set aside this initial dismissal on the basis of his sworn representations that COVID and law library limitations had prevented his filing

6

prior to May 3, 2021, and that he had not previously filed a federal action challenging his conviction. *Id.* at dkt. 7.[4]

Mr. Parish was therefore on clear notice of the error regarding the timeliness of his petition in this case no later than March 25, 2022, but still waited over two years to file this motion to set aside judgment. Mr. Parish thus did not act within a reasonable time.

### III. Conclusion

Mr. Parish's motion to file a belated reply in support of his motion set aside, dkt. [11], is **GRANTED**. The Court has considered Mr. Parish's reply. The motion to set aside, dkt. [9], is **DENIED** for the reasons set forth above.

**SO ORDERED.**

Date: 1/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[4] Chief Judge DeGuilio, in ultimately dismissing the petition as an unauthorized successive petition, also suggested that Mr. Parish likely made knowingly false statements in this regard, because he failed to acknowledge his previous filing before this Court on March 15, 2021. *Id.* at dkt. 24, 2022 WL 16840392 at * 2.